IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:15CR28DCB-LRA

MARVIN R. BROWN

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the defendant, **MARVIN R. BROWN**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "Government"), **MARVIN R. BROWN** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, the

   1. Real property located at 15792 Highway 489, Union, Newton County, Mississippi; (Parcel No. 039R-29-00-006.01) more particularly described as:

      Beginning at the intersection of the North right-of-way line of Mississippi Highway 489 with the East right-of-way line of Rigdon Road in the SE ¼ of NE ¼ of Section 29, Township 8 North, Range 11 East, run thence North along the East right-of-way line of Rigdon Road to the South boundary line of the NE ¼ of NE ¼ of said Section 29; thence run East along the South boundary line of the NE ¼ of NE ¼ to the North right-of-way line of Mississippi Highway 489; thence run in a Southwesterly direction along the North right-of-way line of said Mississippi Highway 489 to the point of

1

beginning, being in the SW ¼ of NE ¼ of said Section 29, Township 8 North, Range 11 East;

2. Real property located on Rigdon Road, Union, Newton County, Mississippi; (Parcel No. 050R-21-00-013.10) more particularly described as:

Commence at the 1" iron pipe found at the SW corner of Section 21 of Township 8 North, and Range 11 East of Newton County, Mississippi; thence North, 1466.60 feet; thence East, 698.39 feet to the North right-of-way line of Rigdon Road and the point of beginning of the herein described property; thence North, 708.10 feet; thence East, 623.26 feet to the East line of the NW ¼ of the SW ¼ of said Section 21; thence South, 558.66 feet; thence West, 118.10 feet; thence South, 200.13 feet to aforesaid North right-of-way line; thence North 83 degrees 49 minutes 13 seconds West, 390.98 feet in said North right-of-way line; thence North 85 degrees 46 minutes 37 seconds West, 116.77 feet in said North right of way to the point of beginning; being 10.00 acres, more or less, and a part of the NW ¼ of the SW ¼ of Section 21 of Township 8 North, and Range 11 East of Newton County, Mississippi; and

3. Real property located at 11971 Highway 15 South, Union, Neshoba County, Mississippi (Parcel No. 12300-14-041.004), more particularly described as:

Commencing at the SW corner of the NW ¼ of the SE 1/4 of Section 14, Township 9 North, Range 11 East of Neshoba County, Mississippi; thence East 236.00 feet; thence North 520.00 feet to the NE corner of property now owned by Kevin D. McRorey; thence East 280.69 feet to the point of beginning of the herein described property; thence North 29 degrees 18 minutes 17 seconds West 179.00 feet; thence North 60 degrees 41 minutes 43 seconds East 200.78 feet to the SW right of way line of Mississippi Highway 15; thence South 29 degrees 18 minutes 17 seconds East 172.17 feet in said SW right of way line to a concrete right of way monument; thence South 17 degrees 17 minutes 11 seconds West 109.16 feet to the NE corner of said property now owned by Kevin D. McRorey; thence West 139.31 feet to the point of beginning; containing 1.00 acres, more or less. Being a part of the NW ¼ of the SE ¼ of Section 14, Township 9 North, Range 11 East of Neshoba County, Mississippi

And also

2008 Champion 64x32 Mobile Home with the Serial Number: 011-000-H-C-031321AB.

2

4. 1992 Southern Homes mobile home with serial number SSDAL3951SL2030622 (856 Rigdon Road, Union, Newton County, MS)

5. 1996 Southern Lifestyle mobile home with serial number DSLAL256A&B (55 Rigdon Rd., Union, Newton County, MS)

6. 1997 Southern Homes mobile home with serial number SSEAL199032 (836 Rigdon Rd., Union, Newton County, MS)

7. 1996 North River mobile home with serial number ALFLT64A17985 (838 Rigdon Rd., Union, Newton County, MS); and

8. 2008 Clayton mobile home with serial number CLAO56964TN (at 842 Rigdon Rd., Union, Newton County, MS)

9. Commence at the Southwest corner of the NW ¼ of SE ¼ of Section 14, Township 9 North, Range 11 East, Neshoba County, Mississippi; thence run East a distance of 236 feet to a point; thence run north a distance of 520 feet to a point to a round creosote post at a fence corner; said point being the point of beginning of the herein described parcel of land; thence run north 00 degrees 33 minutes 34 seconds West along said fence a distance of 527.95 feet to an old fence; thence run North 89 degrees 57 minutes 00 seconds East along said fence a distance of 231.36 feet to the West Right-of-Way line of Mississippi Highway No. 15; thence run South 27 degrees 47 minutes 27 seconds East along said West Right-of-Way a distance of 304.55 feet to a point; thence leaving said West Right-of-Way line run South 60 degrees 41 minutes 43 seconds West a distance of 200.78 feet to a point; thence South 29 degrees 18 minutes 17 seconds East a distance of 179.0 feet to a point; thence run South 89 degrees 07 minutes 17 seconds West a distance of 280.68 feet back to the Point of Beginning; said parcel of land is part of the NW ¼ of SE ¼ of Section 14, Township 9 North, Range 11 East, Neshoba County, Mississippi and contains 3.36 acres, more or less. (Parcel No. 12300-14-041.000)

was used, or was intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in the Indictment and/or was involved in the offense charged in the Indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1).

3

3. The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18 U.S.C. § 982 require the Court to order the forfeiture of the:

   1. Real property located at 15792 Highway 489, Union, Newton County, Mississippi; (Parcel No. 039R-29-00-006.01) more particularly described as:

      Beginning at the intersection of the North right-of-way line of Mississippi Highway 489 with the East right-of-way line of Rigdon Road in the SE ¼ of NE ¼ of Section 29, Township 8 North, Range 11 East, run thence North along the East right-of-way line of Rigdon Road to the South boundary line of the NE ¼ of NE ¼ of said Section 29; thence run East along the South boundary line of the NE ¼ of NE ¼ to the North right-of-way line of Mississippi Highway 489; thence run in a Southwesterly direction along the North right-of-way line of said Mississippi Highway 489 to the point of beginning, being in the SW ¼ of NE ¼ of said Section 29, Township 8 North, Range 11 East;

   2. Real property located on Rigdon Road, Union, Newton County, Mississippi; (Parcel No. 050R-21-00-013.10) more particularly described as:

      Commence at the 1" iron pipe found at the SW corner of Section 21 of Township 8 North, and Range 11 East of Newton County, Mississippi; thence North, 1466.60 feet; thence East, 698.39 feet to the North right-of-way line of Rigdon Road and the point of beginning of the herein described property; thence North, 708.10 feet; thence East, 623.26 feet to the East line of the NW ¼ of the SW ¼ of said Section 21; thence South, 558.66 feet; thence West, 118.10 feet; thence South, 200.13 feet to aforesaid North right-of-way line; thence North 83 degrees 49 minutes 13 seconds West, 390.98 feet in said North right-of-way line; thence North 85 degrees 46 minutes 37 seconds West, 116.77 feet in said North right of way to the point of beginning; being 10.00 acres, more or less, and a part of the NW ¼ of the SW ¼ of Section 21 of Township 8 North, and Range 11 East of Newton County, Mississippi; and

   3. Real property located at 11971 Highway 15 South, Union, Neshoba County, Mississippi (Parcel No. 12300-14-041.004), more particularly described as:

      Commencing at the SW corner of the NW ¼ of the SE 1/4 of Section 14, Township 9 North, Range 11 East of Neshoba County, Mississippi; thence East 236.00 feet; thence North 520.00 feet to the NE corner of property now owned by Kevin D. McRorey; thence East 280.69 feet to the point of beginning of the herein described property; thence North 29 degrees 18 minutes 17 seconds West 179.00 feet; thence North 60 degrees 41 minutes 43 seconds East 200.78 feet to the SW right of way line of Mississippi Highway 15; thence South 29 degrees 18 minutes 17 seconds East 172.17

4

feet in said SW right of way line to a concrete right of way monument; thence South 17 degrees 17 minutes 11 seconds West 109.16 feet to the NE corner of said property now owned by Kevin D. McRorey; thence West 139.31 feet to the point of beginning; containing 1.00 acres, more or less. Being a part of the NW ¼ of the SE ¼ of Section 14, Township 9 North, Range 11 East of Neshoba County, Mississippi

And also

2008 Champion 64x32 Mobile Home with the Serial Number: 011-000-H-C-031321AB.

4. 1992 Southern Homes mobile home with serial number SSDAL3951SL2030622 (856 Rigdon Road, Union, Newton County, MS)

5. 1996 Southern Lifestyle mobile home with serial number DSLAL256A&B (55 Rigdon Rd., Union, Newton County, MS)

6. 1997 Southern Homes mobile home with serial number SSEAL199032 (836 Rigdon Rd., Union, Newton County, MS)

7. 1996 North River mobile home with serial number ALFLT64A17985 (838 Rigdon Rd., Union, Newton County, MS); and

8. 2008 Clayton mobile home with serial number CLAO56964TN (at 842 Rigdon Rd., Union, Newton County, MS)

9. Commence at the Southwest corner of the NW ¼ of SE ¼ of Section 14, Township 9 North, Range 11 East, Neshoba County, Mississippi; thence run East a distance of 236 feet to a point; thence run north a distance of 520 feet to a point to a round creosote post at a fence corner; said point being the point of beginning of the herein described parcel of land; thence run north 00 degrees 33 minutes 34 seconds West along said fence a distance of 527.95 feet to an old fence; thence run North 89 degrees 57 minutes 00 seconds East along said fence a distance of 231.36 feet to the West Right-of-Way line of Mississippi Highway No. 15; thence run South 27 degrees 47 minutes 27 seconds East along said West Right-of-Way a distance of 304.55 feet to a point; thence leaving said West Right-of-Way line run South 60 degrees 41 minutes 43 seconds West a distance of 200.78 feet to a point; thence South 29 degrees 18 minutes 17 seconds East a distance of 179.0 feet to a point; thence run South 89 degrees 07 minutes 17 seconds West a distance of 280.68 feet back to the Point of Beginning; said parcel of land is part of the NW ¼ of SE ¼ of Section 14, Township 9 North, Range 11 East, Neshoba County, Mississippi and contains 3.36 acres, more or less. (Parcel No. 12300-14-041.000)

at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.  That the Defendant shall forfeit to the United States the above-described property:

b.  The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above-described property is subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offenses:

c.  The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. Fed. R. Crim. P. 32.2(c)(1).

e. Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 21 U.S.C. § 853(n).

f. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

h. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

i. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21 U.S.C. § 853(n)(2), which is incorporated by Title 18

U.S.C. § 982(b), Title 31 U.S.C. §§ 5317(c) and 5332, and Title 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 31st day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
DARREN LaMARCA
Assistant United States Attorney

_____
MARVIN R. BROWN
Defendant

_____
FRANKLYN R. MICKELSEN
Attorney for Defendant