IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN R. BROWN                                    PETITIONER

VS.                               CRIMINAL NO. 3:15-cr-28(DCB)
                                  CIVIL NO. 3:17-cv-638(DCB)

UNITED STATES OF AMERICA                           RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on defendant/petitioner Marvin R. Brown ("Brown")'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(docket entry 174** in the criminal action and docket entry 1 in the civil action**)**, his first Supplemental Memorandum in support thereof (docket entry 176), and his second Supplemental Memorandum in support thereof (docket entry 178).

After conducting the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States Courts, the Court requested the Government to file an answer, motion or other response as required by Rule 4. The Government has filed its Response to the defendant's Motion Under 28 U.S.C. § 2255 (docket entry 181), and Brown has filed a Reply (docket entry 182).

The Court finds that on May 11, 2015, Brown appeared for arraignment on a twenty-one count indictment charging various violations of money laundering and IRS reporting requirements. On March 28, 2016, Brown pled guilty to conspiring to launder proceeds of illegal narcotics trafficking, pursuant to a written plea

agreement and plea supplement. On July 12, 2016, this Court sentenced Brown to 240 months' imprisonment, and a fine of $1,500. The Court further imposed a 3-year period of supervised release. The sentence was ordered to run concurrent with the 240 months sentence imposed in United States v. Brown, 3:14-cr-64(CWR)(FKB). The Judgment was entered of record on July 18, 2016. Brown did not appeal.

Brown timely filed his Motion to Vacate on July 31, 2017 (docket entry 174). His motion alleges that his Sixth Amendment right to effective assistance of counsel was violated "when counsel's actions led the Petitioner to enter an involuntary, unknowing, and unintelligent plea under uninformed and coercive circumstances ... [and] was violated during sentencing proceedings, in that counsel failed to challenge the imposition of an unreasonable sentence, as the district court utilized unsupported firearm, sophisticated means, drug quantity assessment, and leadership enhancements in crafting the Petitioner's sentence." Id. Brown sets forth four complaints against his former counsel, and requests an evidentiary hearing:

> I. The collateral review waiver contained in the plea agreement cannot bar review of the substantive issue raised herein because the Petitioner's plea was entered due to Counsel's ineffective assistance, thus the waiver is invalid.
>
> II. The Petitioner's Sixth Amendment right to effective assistance of counsel was violated When Counsel's Assistance Resulted in an Unknowing, Involuntary, Unintelligent Plea Under Coercive Circumstances.

III. The Petitioner's Sixth Amendment right to effective assistance of counsel was violated during sentencing proceedings when counsel failed to object to the imposition of an unreasonable sentence that was based upon the use of improper sentencing enhancements.

[IV.] The Petitioner's Sixth Amendment right to effective assistance of counsel was violated when counsel failed to challenge the sufficiency of the evidence of money laundering.

V. The Petitioner is entitled to an evidentiary hearing on these issues.

Motion to Vacate, p. 4. Brown subsequently filed a memorandum in support of his Petition (docket entry 176) and a supplemental memorandum in support of his Petition (docket entry 178).

Brown's first complaint is that the plea agreement contains an unenforceable provision waiving collateral review. A perusal of his plea agreement (docket entry 122) reveals that Brown waives post-conviction relief "except that Defendant reserves the right to raise ineffective assistance of counsel claims." Since Brown is alleging ineffective assistance of counsel in all of his claims, his Petition can be properly heard by this Court under that auspice.

It is well established that in order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, [the movant] must demonstrate that his attorney's

performance fell below an objective standard of reasonableness."
Id. "Second, [he] must also prove that he was prejudiced by his
attorney's substandard performance." Id.; see also Roe v. Flores-
Ortega, 528 U.S. 470, 476-77 (2000). The Fifth Circuit has stated
that "[i]n order to succeed on an ineffective assistance claim, [a
movant] must establish that his counsel's performance was
deficient, and that this deficiency prejudiced him." United States
v. Simpson, 645 F.3d 300, 307 (5th Cir.), cert. denied, 132 S.Ct.
543 (2011)(citing Strickland, 466 U.S. at 687)). "Deficient
performance" means "that counsel made errors so serious that
counsel was not functioning as the 'counsel' guaranteed the
defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.
"Because of the difficulties inherent in making the evaluation, a
court must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance;
that is, the defendant must overcome the presumption that under the
circumstances, the challenged action 'might be considered sound
trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350
U.S. 91, 101 (1955)).

    To prove prejudice, the defendant "must show that there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Strickland, 466 U.S. at 695. "An attorney's failure to raise a
meritless argument thus cannot form the basis of a successful

ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); Barnard v. Collins, 958 F.3d 634, 642 (5th Cir. 1992).

Brown's second claim alleges ineffective assistance of counsel regarding his plea. Brown refers the Court to his Exhibit "A" (docket entry 178-1) to his Petition. He claims in Exhibit "A" that his counsel failed to object to a faulty indictment and failed to object on grounds of double jeopardy. He further claims that he did not enter a knowing and voluntary plea.

The petitioner's first two claims are easily disposed of. As a matter of legal principle, a money laundering indictment arising out of a conviction for drug distribution is not barred by double jeopardy. United States v. Brown, 553 F.3d 768, 782–83 (5th Cir. 2008); United States v. Kennedy, 707 F.3d 558, 564 (5th Cir. 2013); United States v. Pratt, 533 F.3d 34 (1st Cir. 2008); United States v. Edgmon, 952 F.2d 1206, 1213-14 (10th Cir. 1991); United States v. Evans, 272 F.3d 1069, 1088 (8th Cir. 2001); United States v. Hirko, 447 F. Supp. 2d 734, 746-47 (S.D. Tex. 2006).

Brown's argument that the Indictment failed to allege a predicate offense sufficient to show that he laundered proceeds is

likewise meritless. The Indictment put Brown on notice of the offense and addressed all elements of a conspiracy to launder drug trafficking proceeds. The elements of this offense are:

First: That two or more persons, directly or indirectly, reached an agreement to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956, as charged in the Indictment;

Second: That the defendant knew of the unlawful purpose of the agreement; and,

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

A Defendant violates Title 18 United States Code Section 1956(a)(1), the object of his conspiracy, upon conspiring to effect the following elements:

First: the Defendant knowingly conducted, or attempted to conduct, a financial transaction;

Second: That the financial transaction [attempted financial transaction] involved property represented to be the proceeds of a specified unlawful activity, namely the distribution of controlled substances; and,

Third: That the defendant intended to conceal or disguise the nature, location, source, ownership, or the control of property believed to be the proceeds of a specified unlawful activity; or

<u>Fourth</u>: The Defendant engaged in the financial transaction for the purpose of avoiding a transaction reporting requirement under State or Federal law.

With respect to the second element immediately above, the Government must show that, in fact, the property was the proceeds of the distribution of controlled substances, which is a specified unlawful activity under the statute.

With respect to the third element immediately above, the Government must prove that the defendant knew that the property involved in the transaction was the proceeds of some kind of crime that is a felony under federal, state, or foreign law, although it is not necessary to show that the defendant knew exactly what crime generated the funds. <u>See</u> Fifth Circuit Pattern Jury Instructions.

Count One of the Indictment notified Brown that he conspired to conceal the source of proceeds of narcotics trafficking by engaging in financial transactions. Those transactions were detailed in 19 overt acts alleged in the Indictment. The Indictment also alleged 20 additional counts of money laundering and IRS disclosure violations. Brown was common to all counts and was the source of the illegal proceeds.

The Supreme Court has stated that there are "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second,

[that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" <u>United States v. Resendiz-Ponce</u>, 549 U.S. 102, 108 (2007)(quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)); <u>see also</u> <u>United States v. Threadgill</u>, 172 F.3d 357, 373 (5th Cir. 1999)(to be sufficient, an indictment needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding).

Although an indictment "'must allege that the defendant committed each of the essential elements of the crime charged ..., [i]t is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges.'" <u>United States v. Caldwell</u>, 302 F.3d 399, 412 (5th Cir. 2002)(quoting <u>United States v. Crippen</u>, 579 F.2d 340, 342 (5th Cir. 1978)).  "The test is not whether the indictment might have been drawn with greater certainty and exactitude, but rather whether it set forth the elements of the offense charged and sufficiently apprized the defendant of the charges to prepare for." <u>United States v. Markham</u>, 537 F.2d 187, 193 (5th Cir. 1976); <u>see also</u> <u>United States v. Webb</u>, 747 F.2d 278, 284 (5th Cir. 1984)(the test for the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards).  The validity of

an indictment is determined by reading it as a whole and by practical, not technical, considerations.  United States v. Gonzalez, 436 F.3d 560, 569 (5th Cir. 2006).

When analyzing the sufficiency of an indictment, the Court is to "take the allegations of the indictment as true and determine whether an offense has been stated."  United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004)(quoting United States v. Hoque, 132 F.3d 1087, 1089 (5th Cir. 1998)).

Viewed under these qualifications, the Indictment against Brown was sufficient.  Defense counsel's decision not to object to the Indictment on grounds of vagueness or double jeopardy was sound under the law.

Also within this claim, Brown asserts that he did not enter a knowing and voluntary plea of guilty due to ineffective assistance of counsel.  However, Brown's plea colloquy (attached to the Government's Response as Attachment 1), belies this assertion.

In response to the Court's questions, Brown stated that he was satisfied with his counsel's advice and assistance.  Attachment 1, pp. 4-5.  He was informed by the Court of the maximum sentence to the charge, the elements, and his constitutional rights.  Brown affirmed his understanding of this information.  Attachment 1, pp. 6-8.  Brown then agreed with the Government's lengthy and detailed factual basis for the plea.  Attachment 1, pp. 14-18.

Brown now claims that his lawyer coerced him into pleading

guilty by informing him that he faced a 10-year minimum sentence and a maximum sentence of life. He claims to have attached a letter to this effect as an exhibit to his pleadings; however, the Court has not found such an exhibit in the record. Regardless, the Court assured Brown that the charge to which he was pleading guilty carried a penalty of no more than 20 years. Attachment 1, p. 8. Brown entered a knowing and voluntary plea.

The Court sentenced Brown to the maximum of 20 years under the statute of conviction. 18 U.S.C. §1956(h). Brown claims that his counsel failed to object to his sentence as unreasonable by not filing objections to enhancements for firearm possession and for being a leader/organizer.

Brown's counsel has submitted an Affidavit (Attachment 2 to the Government's Response) stating that he did not object to the sentence because the resulting guideline calculation would have exceeded the 20 years statutory maximum regardless of prevailing on the objections. If Brown had prevailed by a reduction of 2 levels for the firearm and 4 levels for being a leader/organizer, his guideline range would have been 235 months to 293 months. His sentence of 240 months was the statutory maximum and was no more than 5 months of the guideline minimum.

Regardless of this 5 month window, there was no deficient performance or prejudice to Brown. His counsel addressed the firearm enhancement in an exhaustive hearing in the prior drug

case. District Judge Carlton Reeves upheld the Pre-Sentence Report in that case by holding that the firearm enhancement applied. United States v. Brown, Criminal No. 3:14-cr-64. See Court Reporter's Transcript of Sentencing Hearing (Attachment 3 to the Government's Response), pp. 23-37, 46. Based upon the same facts in this guideline calculation, Brown's counsel was reasonable to presume a similar conclusion by this Court.

Moreover, the evidence in the Pre-Sentence Report ("PSR") sub judice (docket entry 147), to which Brown had no objection, reveals that Brown held weapons in locations where he dealt drugs. "Further, it appears a dangerous weapon was possessed, as several firearms were found during the execution of Brown's primary residence as well as properties controlled by him. The Title III investigation revealed these properties were utilized for drug transactions and for the housing of drug proceeds." PSR, paragraph 122. Any failure to object would not have rendered a different result. Brown suffered no prejudice. The firearm enhancement was proper.

The leader/organizer enhancement was likewise proper. Brown suffered no prejudice by its application. Brown accepted the facts of the PSR at his sentencing. He further agreed to the Government's factual basis that he recruited his wife, girlfriend, mother and aunt to obtain financial instruments through financial transactions in order to conceal the nature of the proceeds of his

illegal drug trafficking. <u>See</u> Petitioner's Exhibit "A" pp. 15-16 and PSR paragraphs 78-83 and 126. The enhancement was properly applied regardless of any objection. There was no prejudice. A proper application of either of these two enhancements would have resulted in a guideline range exceeding the statutory maximum of 240 months.

Brown's final claim is that his counsel failed to object to the sufficiency of the evidence. The Government asserts that, for the reasons stated in its response to Brown's Claim 2, Brown's plea colloquy reflected numerous actions on the part of Brown to launder his drug proceeds. The uncontroverted evidence of his guilt to conspiring to money launder was overwhelming. <u>See</u> Petitioner's Exhibit "A" pp. 14-18.

On March 9, 2018, Brown filed a Reply to the Government's Response (docket entry 182). In the first three and a half pages, he sets forth the law on ineffective assistance of counsel as it pertains to § 2255 petitions. The remainder of his 16-page Reply consists of a discussion of <u>Valentine v. Konteh</u>, 395 F.3d 626 (6th Cir. 2005), but Brown fails to show how the holdings in <u>Valentine</u> would entitle him to any relief under § 2255.

The Court finds that, for the foregoing reasons and authorities, and based upon the entire record, Brown's allegations of ineffective assistance of counsel are without merit. The Court further finds that no hearing is required to adjudicate the

petition. "If the record is clearly adequate to dispose fairly of the [petitioner's] allegations, the court need inquire no further." <u>United States v. Smith</u>, 915 F.2d 959, 964 (5th Cir. 1990).

Based on the reasoning and authority set forth above, the Court finds that the petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is not well-taken and shall be DENIED.

CERTIFICATE OF APPEALABILITY:

An appeal may not be taken to the court of appeals from a final order in a <u>habeas corpus</u> proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). Although Brown has not yet filed a notice of appeal, the Court will nonetheless address whether he is entitled to a COA. <u>See Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000)(stating that a district court may <u>sua sponte</u> rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a

general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir.2002). Regarding claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

After considering the entire record as well as Brown's pleadings concerning his § 2255 Motion, the Court concludes that jurists of reason would not debate whether he has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding his claims.

ACCORDINGLY,

IT IS HEREBY ORDERED AND ADJUDGED that Marvin R. Brown's

Motion Under 28 U.S.C. § 2255 (docket entry **174** in the criminal action and docket entry **1** in the civil action) is DENIED and this matter is DISMISSED WITH PREJUDICE;

FURTHER ORDERED that Marvin R. Brown is DENIED a Certificate of Appealability.

SO ORDERED, this the 16th day of March, 2018.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE