IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 3:15-cr-28-DCB-LRA-1

MARVIN R. BROWN                                                    DEFENDANT

ORDER

This matter is before the Court on Defendant Marvin R. Brown ("Brown")'s Motion for Immediate Compassionate Release, or alternatively, for Release to Home Confinement. [ECF No. 193]. The Government opposes the motion. After reviewing the parties' submissions, the Court concludes that the motion should be denied.

Background

On March 28, 2016, Defendant pleaded guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956, and this Court sentenced him to 240 months of imprisonment, to run concurrent with the sentence imposed in Criminal No. 3:14-cr-64-CWR-FKB. [ECF No. 149]. Defendant is scheduled to be released on June 13, 2031. Brown now moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the Bureau of Prisons ("BOP"). Brown bases his Motion on the threat posed by the COVID-19 pandemic. [ECF No. 193]. Brown is 45 years

1

old and suffers from Type 2 diabetes, one of the underlying health conditions that may make a person more susceptible to COVID-19. See Centers for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 25, 2020) ("People with diabetes"). Defendant is housed at FCI Oakdale I, a BOP facility where at least 7 inmates have died from COVID-19. See Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last accessed June 25, 2020).

## Discussion

"A court, on motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" United States v. Chambliss, 948 F.3d 691, 692–93 (5th Cir. 2020)(citing 18 U.S.C. § 3582(c)(1)(A)(i)). Compassionate release is not mandatory but falls within the district court's discretion. A court may refuse to grant compassionate release after weighing the sentencing factors of 18 U.S.C. § 3553(a). Id. at 693. Factors under § 3553(a) include, but are not limited to, the need for the sentence imposed to "reflect the seriousness of the offense,…

promote respect for the law, and… provide just punishment for the offense." Even if "extraordinary and compelling reasons," exist, the Guidelines' policy statements provide for a reduction in sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13.

Before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) Prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the Bureau of Prison's decision not to file a motion for compassionate release, or

(2) Prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility..."

18 U.S.C. § 3582(c)(1)(A).

Defendant Brown asserts that he has exhausted his administrative remedies, claiming that he filed a request with the warden and 30 days have elapsed without a response. The Government claims that there is no record of the request, but the Defendant argues that "[t]he absence of a record in the system may well be due to administrative difficulties surrounding the job performance of the warden." [ECF No. 204].

Assuming that Brown can overcome the procedural hurdles and provide "extraordinary and compelling" reasons to warrant a

3

reduction, this Court is not persuaded that the Section 3553(a) factors warrant relief or that Defendant Brown is not a danger to any other person or the community.

At the time of sentencing, the Defendant had a total offense level of 43 and a criminal history category of II, with a guideline imprisonment range of Life. See [ECF No. 147] at 32-33. The statutorily authorized maximum sentence, however, was 20 years. Id. The Defendant has served a mere four years of his given sentence for this cause number. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the defendant's motion for compassionate release must be denied to adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Moreover, the Court is not persuaded that the defendant is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The underlying offense in Brown's case was the distribution of methamphetamine, of which he was accountable for the distribution of at least as much as 500 grams, but less than 1.5 kilograms, of methamphetamine (actual). Id. Brown's pre-sentence report states, "several firearms were found during the execution of

4

Brown's primary residence as well as properties controlled by him." [ECF No. 147] at 31.

"The danger posed to the community by drug offenders writ large, and armed drug offenders in particular, is well-established." United States v. Smith, 2020 WL 3576937, at *1 (E.D. La. Jul. 1, 2020)(citing United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); see also United States v. Daychild, 357 F.3d 1081, 1100 (9th Cir. 2004)(finding that danger to the community posed by armed drug traffickers is "too plain to permit dispute."). Brown's pre-sentence report notes the following, in relevant part, were found at residences owned or controlled by Brown: a Marlin .22 caliber rifle, a Kimber Pro Crimson Carry II pistol, a Stag Arms 5.56 rifle, a Sig Sauer semi-automatic pistol, a box of .45 caliber ammunition, two loaded ammunition magazines, cocaine, marijuana, and methamphetamine. The instant conviction is not an isolated offense, as Defendant has two drug convictions in addition to this conviction for money laundering. For the foregoing reasons, Defendant has failed to show that if granted compassionate release he would not be a danger to others or to the community.

**Home Confinement**

Once a sentence is imposed, the BOP "shall designate the place of the prisoner's imprisonment." See 18 U.S.C. § 3621(b).

"Because [defendant] seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241." United States v. Nevers, Crim. No. 16-88, 2020 WL 2769880, at *8 (E.D. La. May 28, 2020).

The passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") has not provided district courts the authority to order an inmate to be transferred to home confinement. In a well-reasoned opinion out of the Eastern District of Louisiana, the court explained:

> Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates.

See Nevers, 2020 WL 2769880, at *8(citing United States v. Mogan, Crim. No. 14-040, 2020 WL 2558216, at *2 n.12 (E.D. La. May 20, 2020)). Accordingly, the Court must deny Brown's request for release to home confinement as this Court lacks authority to order the BOP to transfer the defendant to home confinement.

The Court does have the authority to reduce Brown's sentence to time served and impose a term of supervised release. See 18 U.S.C. § 3582(c)(1)(A). In imposing a term of supervised release, the Court may impose a period of home confinement as a condition, provided the Court finds home confinement is a "substitute for imprisonment." See U.S.S.G. § 5F1.2. However, to do this, the Court must find that the prisoner has satisfied the requirements for compassionate release, which Brown has not. Therefore, to the extent that Brown seeks home confinement under § 3582(c)(1)(A), his request is denied for the same reasons his request for a reduction in sentence is denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release [ECF No. 193] is DENIED.

SO ORDERED, this the 16th day of July, 2020.

                                              __/s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE