IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:15-cr-28-DCB-LGI

MARVIN BROWN

ORDER

BEFORE THE COURT is Defendant Marvin Brown's ("Defendant") Motion to Set Aside Forfeiture Judgment ("Motion") [ECF No. 215]. The Court, having examined the Motions, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.  Procedural and Factual Background

On March 18, 2014, a federal grand jury indicted Defendant in a 21-count indictment that regarded various financial crimes in connection with drug distribution proceeds. [ECF No. 4]. That indictment included a notice of intent to seek criminal forfeiture of various real and personal property. Id. at 18-20. On August 19, 2015, the government notified Defendant via a Bill of Particulars that it sought criminal forfeiture of one property not included in the indictment. [ECF No. 65]. Pursuant to a plea agreement, Defendant and his counsel ultimately signed

1

an Agreed Preliminary Order of Forfeiture that included all properties to be forfeited. [ECF No. 124].

On March 28, 2016, Defendant pleaded guilty to Count 1 of the indictment for which the Court sentenced him to 240 months and ordered the forfeiture of those properties specified in the Agreed Preliminary Order of Forfeiture. [ECF No. 149]. Upon notice, publication, and adjudication of all claims against the forfeiture of those properties, the Court entered a Final Order of Forfeiture on August 24, 2016. [ECF No. 167].

Earlier this year in a related case, Defendant filed a number of similar motions seeking to reclaim forfeited property, which the Court denied. On June 12, 2023, Defendant filed the instant Motion. [ECF No. 215].

II. Analysis

Defendant argues that he is entitled to a set aside of the forfeiture judgment against him because the government failed to provide him notice of the forfeiture. [ECF No. 215]. However, Defendant is incorrect.

As discussed supra, the government and the Court provided notice to Defendant of properties sought for forfeiture in the initial indictment, the Bill of Particulars, the Agreed Preliminary Order of Forfeiture (which Defendant and his counsel

signed), and the Final Order of Forfeiture. See Fed. R. Crim. P. 7(c)(2); see, e.g., United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001); Barrera-Montenegro v. United States, 74 F.3d 657, 660 (5th Cir. 1996); United States v. Williams, 89 F. App'x 893, 894 (5th Cir. 2004). Therefore, the Defendant had satisfactory notice of the forfeiture of these properties and his Motion fails on the merits.

Had the Court not provided a ruling on the merits, it likewise would have dismissed the Motion for its untimeliness. Rule 32.2(b)(4)(C) confirms that the time to appeal begins to run upon the finality of the judgment. Fed. R. App. P. 4(b)(1)(A) provides 14 days for such an appeal. Defendant filed this Motion nearly 7 years after the finality of the Final Order of Forfeiture. [ECF No. 215]. Although Defendant argues that excusable neglect permits such a belated filing, the Federal Rules of Appellate Procedure only permit the Court to grant a 30-day extension of the time to appeal. Id. at (b)(4). That timeframe has long since expired.

Even if the Court liberally construed this Motion as a Rule 60(b) motion for relief from judgment, as the Fifth Circuit has previously done in civil proceedings, even a 15-month delay is fatal. United States v. 11.8 Acres of Land, 58 F.3d 637 (5th Cir. 1995). Finally, a Rule 60(b) motion filed on the basis of

3

excusable neglect must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Therefore, the Court concludes that had it not denied Defendant's Motion on the merits, it would have dismissed it as being time-barred.

III. Conclusion

For the foregoing reasons, Defendant's Motion [ECF No. 215] shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Forfeiture Judgment [ECF No. 215] is DENIED.

SO ORDERED, this 12th day of July, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT